IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| **CRYSTAL RENELL PAYNE** § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:17-CV-00341 | |
| § | | |
| **SPARKLES HAMBURGER SPOT,** § | | |
| **LLC,** *et al,* § | JURY TRIAL DEMANDED | |
| § | | |
| **Defendants.** | | |

**PLAINTIFF'S MOTION TO STRIKE
SPARKLE HAMBURGER SPOT LLC'S ANSWSER AND FOR DEFAULT MOTION**

Plaintiff CRYSTAL RENELL PAYNE ("Plaintiff") moves to Strike Defendants' Original Answer (because it was filed in violation of 28 U.S.C.§ 1654, requiring corporate entities, including limited liability companies, to retain licensed counsel to represent them in federal court) and for default judgement under Federal Rule of Civil Procedure 55(a).

Sparkles Hamburger Spot, LLC is a legally chartered corporations under the laws of the State of Texas. Under long-standing federal law, corporations may not appear *pro se,* nor be represented in federal court other than by a licensed, admitted attorney. As a result, the entire Answer filed by Sparkles Hamburger Spot, LLC should be stricken and default should be entered.

**I. BACKGROUND**

On February 3, 2017, Plaintiff filed her Original Complaints against Sparkles Hamburger Spot, LLC and Sparkle C. Steeles (Doc. No. 1-1). On June 4, 2018 the court granted the motion to withdraw for counsel for Sparkles Hamburger Spot, LLC See Docket No. 43. On June 6, 2018, Defendant Sparkles Hamburger Spot, LLC filed bankruptcy. See Docket No. 1 *Sparkle's*

1

*Hamburger Spot, LLC*, 4:18-bk-33184, No. 76 (Bankr. S.D. Tex. Aug. 6, 2019) This lawsuit was stayed against Defendant Sparkles Hamburger Spot, LLC but not to Sparkle Steele. The corporate defendant did not receive a discharge in *Sparkle's Hamburger Spot, LLC*, 4:18-bk-33184, No. 76 (Bankr. S.D. Tex. Aug. 6, 2019). A Notice of Proposed Abandonment was filed by the chapter 7 trustee on July 30, 2019. (Doc. No. 74). An order cling the case was issued on September 4, 2019. (Doc. No. 74). Therefore, the lawsuit against case Sparkles Hamburger Spot, LLC is ripe for adjudication.

## II. ARGUMENT

### Defendant Corporations Must Be Represented By An Attorney In Federal Court

"It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. Ca. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004). Courts have held that the language in 28 U.S.C. § 1654 providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney. See id. at 202 (quoting 28 U.S.C. § 1654). The rationale for the above rule extends to all artificial entities. Id."[T]he appropriate measure for a judge to take when confronted with an unrepresented corporation is inherently discretionary." *Memon*, 385 F.3d at 873. When a defendant corporation fails to hire counsel to represent it, the court may properly strike its defenses. *Henderson v. Fenwick Protective, Inc.*, No. 3:14-cv-505-M-BN, 2015 WL 3439166, at *2 (N.D. Tex. May 28, 2015) (citing *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) (holding district court properly struck defenses of corporate defendant who declined to hire counsel)); see also *Carmouche v. Deep South Welding, LLC,* No. 2:17-cv-0497-

2

JRG-RSP, ECF No. 11 (E.D. Tex. Jul. 26, 2017) (Payne,M.J) (order informing pro se defendant that he is not permitted to appear for entity defendant and further ordering him to obtain counsel) hereby attached as Exhibit A. Another appropriate remedy when a corporation fails to appoint counsel is the entry of a default judgment against the defendant. See id. (stating that a default judgment is an "appropriate remedy" when a defendant fails to appoint counsel after receiving a warning from the court); *PalWeb Corp. v. Vimonta AG*, No. 3:00–2003 WL 21992488, at *1 (N.D. Tex. Aug.19, 2003) (entering a final judgment against the defendant after it failed to secure counsel after receiving a warning to do so); see also *Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08–3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default."). Parties that are not natural persons may not appear in federal court without an attorney. *Rowland* v. *California Men's Colony* 506 U.S. 194 (1993). As the Supreme Court noted, "It has been the law for the better part of two centuries that a corporation may appear in federal court only through licensed counsel" *[citations omittedJ. Id.* at 201-202.  Corporations and limited liability companies must be represented by a licensed attorney. "[S]ave in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland v. California Men's Colony*, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993) (footnote omitted). This rule applies to limited liability companies as artificial business entities. *Apogee Telecom, Inc. v. Dungan*, No. A-16-CA-00061-SS, 2016 WL 9308329, at *3 (W.D. Tex. Sept. 23, 2016).

Defendant Sparkles Hamburger Spot, LLC is a for profit corporations legally chartered in the State of Texas. (*See* Exhibits A- Texas Secretary of State Report). Even defendant acknowledge that Sparkles Hamburger Spot, LLC is a for-profit corporations. See ANSWER Doc. No. 7 para. 4.05.

Because Defendants may not appear before this Court without being represented by licensed counsel, Plaintiff requests that this Court exercise its discretion and strike Defendants' Answer. (See Memon, 385 F.3d at 873; also Ex. A.)

Plaintiff further respectfully requests that this Court order Defendants to obtain licensed counsel within fifteen (15) days and if Defendant fail to do so, Plaintiff additionally asks the Court to enter a default judgment against Defendant.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiff urges that this court strike the Answer filed by Sparkles Hamburger Spot, LLC and grant a default against the company

Respectfully submitted,

TRAN LAW FIRM

*/s/ Trang Q. Tran*
Trang Q. Tang
Federal ID:
20361
State Bar No. 00795787
2537 S. Gessner, Suite 104
Houston, Texas 77063
Telephone: (713) 223-8855
Facsimile: (713) 623-6399
ttran@tranlawllp.com
Service@tranlawllp.com

**ATTORNEY FOR PLAINTIFF**

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies on April 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, and a copy of this filing has been forwarded to all known parties in the following manner to:

*Via US First Class Mail*

Sparkles Hamburger Spot, LLC
 2010 Dale Spring Ct
 Houston, TX 77045

/s/ *Trang Q. Tran*